UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00236-FDW

| WILLIE MARBLE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| MECKLENBURG COUNTY, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review pursuant to 28 U.S.C. § 1915(e)(2) of Plaintiff Willie Marble's pro se civil rights Complaint. (Doc. No. 1). Also before the Court is Plaintiff's Motion for Preliminary Injunction. (Doc. No. 3.)

## I. BACKGROUND

Plaintiff is a prisoner of the State of North Carolina who has filed this civil rights action under 42 U.S.C. § 1983. He names as Defendants: Mecklenburg County, the City of Charlotte, and John Doe, an unidentified police officer[1].

The allegations in the Complaint are reproduced here, verbatim:

After arresting Plaintiff at the Rite-Aid Pharmacy at the corner of N. Tryon Street and Sugar Creek Street, the Defendant(s) in a conspiracy, unsuccessfully attempted to beat the electronic security doors, causing police cruiser to crash into detention center wall, as a result Plaintiff suffered whiplash, severe swollen shoulder ligaments, October 27, 2015.

Defendant(s) in a conspiracy, failed to report the accident and Plaintiff received doctor appointment, about 12-hours later, October 28, 2015.

(Compl. 1, Doc. No. 1.) As relief, Plaintiff requests a preliminary injunction requiring the "N.C. Dept. of Justice to serve its full investigation process on his complaint[,]" a punitive damage

---

[1] This individual is identified in the Complaint's caption as "One Unknown Policeman."

1

award of $700,000, and compensatory damages for all court costs, attorney fees, and his hospital bill. (Compl. 2.)

Two weeks after filing his Complaint, Plaintiff filed a Motion for Preliminary Injunction requiring the "N.C. Dept. of Justice to serve its full criminal and civil investigations process on his § 1983 complaint[.]" (Injunct. Mot. 1, Doc. No. 3.) The Court is unable to interpret what Plaintiff is seeking in this request. Plaintiff also requests that the Court discover the identity of John Doe and provide that information to Plaintiff. (Injunct. Mot. 1.) Among the facts alleged in the Motion are that: the police cruiser was damaged, Plaintiff's neck injury is permanent, Plaintiff's pain began the day after the accident, Plaintiff's pain reoccurs monthly, John Doe was driving the cruiser, John Doe refused to report the accident, Plaintiff was diagnosed with whiplash and shoulder bruising and swelling, and Plaintiff was billed by the hospital for his care. (Injunct. Mot. 2.)

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis,[2] the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous," "malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). In its frivolity review, the Court must determine whether the Complaint raises an "indisputably meritless legal theory," Denton v. Hernandez, 504 U.S. 25, 32 (1992), or is founded upon clearly baseless factual contentions, such as "fantastic or delusional scenarios," Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

While a pro se complaint must be construed liberally, see Haines v. Kerner, 404 U.S.

---

[2] On June 15, 2018, the Court entered an Order waiving the initial partial filing fee and directing monthly payments be made from Plaintiff's prison trust account. (Doc. No. 8.)

519, 520 (1972), the liberal construction requirement will not permit a district court to ignore a plaintiff's clear failure to allege facts which set forth a claim that is cognizable under federal law, see Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A complaint fails to state a claim for relief if after accepting all well-pleaded allegations in the complaint as true and drawing all reasonable factual inferences from those allegations in the plaintiff's favor, the complaint does not contain enough facts to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

To state a claim under § 1983, Plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Section 1983 applies to municipalities and other local government units and allows liability where official policy of some sort caused a constitutional tort. Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 690 (1978). Monell liability thus arises where the county or municipality's employee's constitutionally offensive conduct is performed in furtherance of some "policy or custom." Milligan v. Newport News, 743 F.2d 227, 229 (4th Cir. 1984). The liability standard for individuals under 42 U.S.C. § 1983 turns on what federally protected right the plaintiff

alleges was violated. Daniels v. Williams, 474 U.S. 327, 330 (1986).

Here, Plaintiff has not alleged a violation of a right secured by the Constitution or laws of the United States. At most, Plaintiff has alleged negligent driving on the part of Defendant John Doe. With respect to personal injury suits brought by prisoners, however, negligence alone is an insufficient basis for individual liability under 42 U.S.C. § 1983. See Davidson v. Cannon, 474 U.S. 344, 347-348 (1986) (due process claim); Daniels, 474 U.S. at 328 ("[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property."); Whitley v. Albers, 475 U.S. 312, 319-320 (1986) (discussing cruel and unusual punishment claims). Plaintiff does not allege that Defendant Doe drove in a negligent fashion in furtherance of some county or municipal "policy or custom," and his contention that Defendants Charlotte and Mecklenburg County conspired with Defendant Doe to "attempt[]to beat the electronic security doors, causing police cruiser to crash into detention center wall," is nonsensical and patently frivolous.

Next, Plaintiff does not allege a single fact to support his assertion of a conspiracy among the Defendants to not report the accident. Indeed, Plaintiff does not identify a single action taken by the County or city of Charlotte related to the accident.

As for Plaintiff's injuries, the Fourteenth Amendment requires that government officials attend to pretrial detainees' serious medical needs, see Belcher v. Oliver, 898 F.2d 32, 34 (4th Cir. 1990), including arrestees, see Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004) (evaluating due process claim where plaintiff died in transit after an arrest). According to Plaintiff's filings, the accident occurred on October 27, 2015 (Compl. 1), his pain began the day after the accident (Injunct. Mot. 1), and he was taken to the hospital to see a doctor about 12 hours after the accident (Compl. 1). In short, Plaintiff was treated for his injuries within hours of

4

beginning to experience pain. Furthermore, he has not alleged action or inaction on the part of any of the Defendants related to decisions about his medical care. Consequently, he has failed to state a Fourteenth Amendment claim of deliberate indifference to his serious medical needs that is plausible on its face.

**IV: CONCLUSION**

Plaintiff has not identified which right(s) secured by the Constitution he believes the Defendants violated. Moreover, the facts alleged do not state a claim for relief under § 1983. Accordingly, the Court shall dismiss the Complaint for failure to state a claim upon which relief may be granted, see 28 U.S.C. § 1915(e)(2), and deny the Motion for Preliminary Injunction.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1) is **DISMISSED** for failure to state a claim upon which relief may be granted, see 28 U.S.C. § 1915(e)(2); and

2. Plaintiff's Motion for Preliminary Injunction (Doc. No. 3) is **DENIED**.

Signed: January 17, 2019

Frank D. Whitney
Chief United States District Judge