UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00236-FDW

| | |
|---|---|
| WILLIE MARBLE, | ) |
|     Plaintiff, | ) |
| vs. | ) |
| | )     ORDER |
| MECKLENBURG COUNTY, et al., | ) |
|     Defendants. | ) |

THIS MATTER is before the Court on Plaintiff's Motion to Amend Complaint (Doc. No. 12) and several Motions for Summary Judgment (Doc. Nos. 13, 15, and 16).

Plaintiff, a prisoner of the State of North Carolina, originally filed this civil rights action under 42 U.S.C. § 1983. He named three defendants in his Complaint: Mecklenburg County, the City of Charlotte, and John Doe, and unidentified police officer.[1] (Doc. No. 1). Plaintiff also filed a Motion for Preliminary Injunction. (Doc. No. 3). The Court dismissed the Complaint for failure to state a claim upon which relief may be granted and denied Plaintiff's Motion for a Preliminary Injunction (Doc. No. 10). Plaintiff thereafter filed a Motion to Amend Complaint (Doc. No. 12) and three Motions for Summary Judgment (Doc. Nos. 13, 15, and 16).

It is well-established authority that pro se complaints are to be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Kerr v. Marshall Univ. Bd. of Governors, 824 F.3d 62, 72 (4th Cir. 2016) (reiterating the "obligation to liberally construe a pro se

---

[1] As the Court previously noted, Plaintiff originally identified "One Unknown Policeman" in his original complaint. (Doc. No. 10, p. 1, n. 1).

1

complaint"). An "active interpretation" is required for the district court to properly fulfill its obligation. Fitz v. Terry, No. 88-7328, 1989 WL 64157, at *2 (4th Cir. May 26, 1989). Although Plaintiff titles his motion "Motion to Amend Pro-Se § 1983 Complaint," he also cites Federal Rule of Civil Procedure 59(e) in the title, which would instead be a motion to alter or amend judgment. See Fed. R. Civ. P. 59(e); (Doc. No. 12, p. 1-2). Based on its interpretation of the motion, the Court interprets Plaintiff as moving for the Court to reconsider its order dismissing the case. (Doc. No. 10). Accordingly, Plaintiff's Motion to Amend Complaint (Doc. No. 12) is GRANTED. Upon reconsideration of the matter, the Court VACATES its Order Dismissing the Case (Doc. No. 10) and the Clerk's Judgment (Doc. No. 11). Thus, Plaintiff's original complaint (Doc. No. 1) is REINSTATED.

Because the Court is granting Plaintiff's Motion to Amend Complaint (Doc. No. 12), Plaintiff's Motions for Summary Judgment (Doc. Nos. 13, 15, and 16) are DENIED WITHOUT PREJUDICE.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Amend Complaint (Doc. No. 12) is GRANTED;
2. The Court's Order Dismissing the Case (Doc. No. 10) and the Clerk's Judgment (Doc. No. 11) are VACATED;
3. Plaintiff's original complaint (Doc. No. 1) is REINSTATED;
4. Plaintiff's Motions for Summary Judgment (Doc. Nos. 13, 15, and 16) are DENIED WITHOUT PREJUDICE; Plaintiff is free to raise the arguments again at the appropriate time; and
5. The Order Directing Monthly Payments to be made from the Prison Account of

Plaintiff (Doc. No. 8) is REINSTATED. Plaintiff is instructed to make the required payments, including the partial filing fee of ninety dollars ($90), <u>see</u> (Doc. No. 8, p. 1), within thirty (30) days of the date of this order. Failure to comply with this order may result in dismissal of the complaint. Once Plaintiff submits the required filing fee, the Clerk is directed to mail summons forms to Plaintiff for Plaintiff to fill out and return for service of process on all Defendants. Once the Court receives the summons forms, the Court shall then direct the U.S. Marshal to effectuate service on Defendants. The Clerk is respectfully instructed to note on the docket when the Clerk has received the partial filing fee and when the forms have been mailed to Plaintiff.

IT IS SO ORDERED.

Signed: September 12, 2019

Frank D. Whitney
Chief United States District Judge